**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

QING WANG,

     Petitioner,

v.                                      No. 2:26-cv-00999-DHU-SCY

MARKWAYNE MULLIN, Acting Secretary,
U.S. Department of Homeland Security; PAMELA
BONDI, U.S. Attorney General; DORA CASTRO,
Warden of Otero County Processing Center; TODD
LYONS, Acting Director, Immigration and Customs
Enforcement and Removal Operations; MARY DE
ANDA-YBARRA, Regional Director, Field Office
Director of Enforcement and Removal Operations,
Immigration and Customs Enforcement,

     Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Qing Wang's Petition for Writ of

Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that he has been unlawfully

detained without a bond hearing, in violation of the Immigration and Nationality Act ("INA")

and the Due Process Clause of the Fifth Amendment.[1] *Id.* ¶¶ 51-53, 58-61. He asks this Court to

order Respondents to release him from immigration custody or, in the alternative, order

Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within fifteen

(15) days. *Id.* at 17 ¶ d. Having considered the parties' briefs and the relevant law, the Court

**GRANTS IN PART** Petitioner Qing Wang's Petition for Writ of Habeas Corpus, and orders

---

[1] Petitioner also alleges that Respondents have unlawfully detained him in violation of their own regulations. *Id.* ¶¶ 54-57. However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ")

pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

# I.
## BACKGROUND

1. Petitioner Qing Wang is a native and citizen of China who entered the United States without inspection on February 19, 2024. *Id.* ¶ 22. Since his entry, Petitioner has accrued no criminal history. *Id.* ¶ 26.

2. Following his entry, Petitioner established a life in the United States. He has a wife and a child. *Id.* ¶ 28. He was employed as a truck driver. *Id.*

3. On February 8, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at a truck weight station between Texas and New Mexico. *Id.* ¶ 23.

4. Petitioner was issued a Notice to Appear. *Id.* ¶ 24. His Notice to Appear charged him as a noncitizen present in the United States who had not been admitted or paroled. *Id.*

5. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.* ¶ 27.

On April 2, 2026, Petitioner filed a Habeas Petition.[2] *See id.* In his Habeas Petition,

Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. §

1225(b), because he was already residing in the United States when he was detained. *Id.* ¶ 52.

Petitioner further argues that his detention violates his due process rights. *Id.* ¶¶ 58-61. He asks

this Court to: 1) assume jurisdiction over this matter; 2) set this matter for expedited

consideration; 3) declare that no statute or regulation prohibits an IJ from holding a custody re-

---

[2] On April 2, 2026, Petitioner also filed an Emergency Motion for a Preliminary Injunction. Doc. 2. Because the Court is granting Petitioner relief in this Order, the Court **DENIES** Petitioner's Motion (Doc. 2) **AS MOOT**.

determination hearing for him, and that he is properly detained, if at all, under 8 U.S.C. § 1226(a); 4) issue a Writ of Habeas Corpus and order his immediate release, or, in the alternative, order Respondents to conduct a bond hearing within fifteen (15) days, or, in the alternative, order his release within fifteen (15) days unless Respondents provide him with a bond hearing before an IJ; 5) order Respondents to return his personal items; and 6) award him attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* at 16-17.

On April 3, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten business days. Doc. 4.

On April 7, 2026, USA Respondents filed their response to the Habeas Petition. Doc. 7. Warden Castro joined the response. Doc. 9. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of 8 U.S.C. § 1225 or § 1226. Doc. 7 at 1. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the plain language of that statute. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 2.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief,

arguing that he is being detained without a bond hearing in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

**III.**
**DISCUSSION**

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are

4

subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing.[3] Petitioner, who entered the United States without inspection, is properly detained pursuant to 8 U.S.C. § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under 8 U.S.C. § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, April 22, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

---

[3] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Wednesday, April 22, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Respondents must promptly return Petitioner's personal items to him or his counsel, specifically no later than thirty (30) days from the date of this Order.

As for Petitioner's request to recover attorney fees and costs of suit, Petitioner may submit an application for such fees and costs within thirty (30) days of this Order pursuant to the EAJA, 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE